IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ron Benit,                          :

    Plaintiff,                  :

  v.                                :     Case No. 2:06-cv-0336

Mercedes-Benz USA, LLC,             :     JUDGE HOLSCHUH

    Defendant.                  :

MEMORANDUM AND ORDER

    Plaintiff, Ron Benit, filed this action based on his dissatisfaction with a new Mercedes-Benz automobile which he purchased in 2001.  According to the complaint, the vehicle suffered from numerous defects which were never corrected by Mercedes-Benz.  As a result, Mr. Benit filed a complaint seeking damages for breach of warranty under the Magnuson-Moss Warranty Act, 15 U.S.C. §§2301 *et seq.*, as well as recision under Ohio's "Lemon Law," O.R.C. §1345.72.  Mercedes-Benz removed the case to this Court on the basis of federal question jurisdiction over the Magnuson-Moss Warranty Act claim and diversity of citizenship.

    After the case had been pending in this Court for some time, plaintiff moved for leave to dismiss without prejudice the two Magnuson-Moss Warranty Act claims.  That motion was not opposed, and on November 29, 2006, this Court granted the motion and dismissed those claims.  In the meantime, plaintiff also moved to remand the case to state court on grounds that the amount in controversy requirement of 28 U.S.C. §1332 was not satisfied with respect to the remaining state law claim.  That motion is fully briefed.  For the following reasons, the motion to remand will be denied.

I.

The factual premise for Mr. Benit's motion to remand is apparently an expert report which has been prepared on the issue of damages. According to Mr. Benit, his expert has concluded that the damages on the state law claim cannot exceed $75,000.00. That conclusion is based upon, first, Mr. Benit's view that the legal measure of damages on that claim is the retail purchase price of the vehicle, without taxes or fees, less the value of the vehicle as it currently exists; and, second, upon the expert's evaluation of the vehicle as it currently exists. Under that evaluation, which gives a range of values for such vehicles, Mr. Benit's damages may be as high as $73,606.00, but they do not exceed $75,000.00. Under those circumstances, Mr. Benit asserts that the Court lacks jurisdiction over the state law claim and that the case should be remanded to the Franklin County Court of Common Pleas.

II.

At the outset, the Court notes that the issue in this case is not, as Mr. Benit asserts, whether the case was improvidently removed without jurisdiction. Whatever view the Court may take with respect to the damages available under the Ohio Lemon Law, and whatever view the Court may take of the relationship between the recent expert witness report and the probable value of Mr. Benit's claim at the time suit was filed, it is clear that the case was properly removed based upon the Magnuson-Moss Warranty Act claim. This Court has jurisdiction over such claims which exceed $50,000.00. 15 U.S.C. §2310. Even under Mr. Benit's current evaluation theory, his recovery on the Magnuson-Moss claim might well exceed $50,000.00. Consequently, it appears the case was properly removed, and the only question is whether the Court should, as a matter of discretion, remand the state law claim if the amount in controversy requirement is not met with

respect to that claim. It is to that question which the Court now turns.

### III.

Mercedes-Benz advances several arguments in opposition to the motion to remand. The Court need address only one argument, because it is dispositive of the issue presented by the motion.

According to Mr. Benit's own calculation, he might be entitled to recover almost $75,000.00 as damages under his Lemon Law claim. He has also prayed for attorneys' fees. He asserts that these attorneys' fees may not be added to his damages in order to satisfy the amount in controversy. However, under the circumstances of this case, that is an inaccurate assertion.

It is true that "[t]he general rule is that attorneys' fees do not count toward the amount in controversy...." Federated Mutual Ins. Co. v. McKinnon Motors, 329 F.3d 805, 808 n.4 (11th Cir. 2003). However, as that same decision recites in the balance of the quoted sentence, the general rule applies "unless [the attorneys' fees] are allowed for by statute or contract." Id. In other words, "attorneys' fees should be included [in the amount in controversy calculation] where they are provided for by contract or statute." Graham v. Henegar, 640 F.2d 732, 736 n.9 (5th Cir. 1981). The Henegar footnote cites to multiple decisions both from the United States Supreme Court and from a variety of circuits, including the Sixth Circuit, which so hold. See, e.g., Missouri State Life Ins. Co. v. Jones, 290 U.S. 199 (1933); Clark v. National Travelers Life Ins. Co., 518 F.2d 1167 (6th Cir. 1975). District courts within this circuit have consistently held that where there is a statutory entitlement to attorneys' fees, the plaintiff's claim for attorneys' fees is included in determining the amount in controversy. See, e.g., Lucius v. Bayside First Mortgage, Inc., 43 F.Supp. 2d 868 (W.D. Tenn. 1999); Crosby v. America Online, 967 F.Supp. 257 (N.D. Ohio

1997).

O.R.C. §1345.75(A) provides for a cause of action in favor of consumers who believe that the Ohio Lemon Law has been violated. That cause of action specifically includes an entitlement to recover attorneys' fees. Under these circumstances, attorneys' fees must be included in the calculation of the amount in controversy. Mr. Benit has not asserted that his attorneys' fees are less than the approximately $1,400.00 necessary to bring this case above the $75,000.00 amount in controversy requirement found in 28 U.S.C. §1332. For this reason alone, the Court concludes that it has jurisdiction over Mr. Benit's state law claim. Consequently, it would be improper for the Court to remand that claim to the state court.

IV.

Based upon the foregoing, plaintiff's motion to remand (#20) is DENIED.


December 5, 2006                    **/s/ John D. Holschuh**
                                    John D. Holschuh, Judge
                                    United States District Court