IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ron Benit,                          :

    Plaintiff,                  :

 v.                                 :   Case No. 2:06-cv-0336

                                :   JUDGE HOLSCHUH
Mercedes-Benz USA, LLC,                 MAGISTRATE JUDGE KEMP
                                :
    Defendant.

ORDER

    This case is before the Court for consideration of plaintiff's motion for leave to amend the complaint.  The proposed amendment would add a claim under the Magnuson-Moss Warranty Act, 15 U.S.C. §2310.  The original complaint contains such a claim, but plaintiff voluntarily dismissed that claim shortly prior to requesting the Court to remand the case to state court, a request which was denied.  Defendant Mercedes has opposed the motion.  For the following reasons, the motion will be denied.

    Plaintiff has argued his motion exclusively under the provisions of Fed.R.Civ.P. 15(a), which provides generally that leave to amend should be freely granted when justice so requires and as long as there is no substantial prejudice to the opposing party.  However, before determining whether the standards of Rule 15 would permit the amendment because the Court previously established a deadline of July 27, 2006, for the filing of motions for leave to amend, the Court must consider whether the requirements of Fed.R.Civ.P. 16(b) have been met.  See, e.g., Inge v. Rock Financial Corp, 281 F.3d 613 (6th Cir. 2002).

    Fed.R.Civ.P. 16(b) requires the Court, in each civil action which is not exempt from that rule, to "enter a scheduling order

that limits the time" to, <u>inter alia</u>, file motions, identify expert witnesses, and complete discovery. The rule further provides that "[a] schedule shall not be modified except upon a showing of good cause ...."

    Although the Court has broad discretion to modify its own pretrial orders, it must be remembered that "[a]dherence to reasonable deadlines is ... critical to maintaining integrity in court proceedings," <u>Rouse v. Farmers State Bank</u>, 866 F.Supp. 1191, 1199 (N.D. Iowa 1994), and that pretrial scheduling orders are "the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner." <u>Id</u>. at 1198. In evaluating whether the party seeking modification of a pretrial scheduling order has demonstrated good cause, the Court is mindful that "[t]he party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines." <u>Deghand v. Wal-Mart Stores</u>, 904 F.Supp. 1218, 1221 (D. Kan. 1995). The focus is primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause. <u>Tschantz v. McCann</u>, 160 F.R.D. 568, 571 (N.D. Ind. 1995). Of course, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." <u>Dilmer Oil Co. v. Federated Mut. Ins. Co.</u>, 986 F.Supp. 959, 980 (D.S.C. 1997). Further, although the primary focus of the inquiry is upon the moving party's diligence, the presence or absence of prejudice to the other party or parties is a factor to be considered. <u>Inge v. Rock Financial Corp.</u>, 281 F.3d 613 (6th Cir. 2002). It is with these standards in mind that the instant motion will be decided.

    The only reason advanced for the proposed amendment is that, having failed to secure a remand to state court by dismissing the Magnuson-Moss claim, plaintiff now wishes to reassert that claim. The Court does not believe that the pattern of events in this

case satisfies the "good cause" standard set forth in Rule 16(b). By deleting the Magnuson-Moss claim well after the deadline for filing motions for leave to amend had expired, plaintiff took a calculated risk that if the motion to remand were unsuccessful, he would not be able to revive his Magnuson-Moss Warranty claim. Once that tactic did not produce the desired result, plaintiff should not simply be allowed to revive the dismissed claim. The failure of a litigation tactic to produce a desired result is simply not good cause to modify a scheduling order.

In addition, as Mercedes notes, the Court may deny a motion for leave to amend if the motion is made in bad faith. See, e.g., Wade v. Knoxville Utilities Board, 259 F.3d 452 (6th Cir. 2001). The Court is not persuaded that the "when justice so requires" language of Rule 15(a) was intended to cover a situation where a party has attempted to defeat the Court's jurisdiction through an amendment and then, when that attempt is unsuccessful, attempts to undo that tactical decision by reasserting the same claim. Thus, the motion fails under either Rule 16(b) or Rule 15(a).

Based upon the foregoing, the motion of plaintiff Ron Benit for leave to amend (#36) is denied.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

3

    This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

                                    /s/ Terence P. Kemp
                                  United States Magistrate Judge