**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **RON BENIT,** | : | |
| **Plaintiff,** | : | **Case No. 2:06-cv-336-JDH-TPK** |
| **v.** | : | **Judge Holschuh** |
| **MERCEDES-BENZ USA, LLC,** | : | **Magistrate Judge Kemp** |
| **Defendant.** | : | |
| | : | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ron Benit initiated this action against Defendant Mercedes-Benz USA, LLC ("MBUSA") in the Court of Common Pleas of Franklin County, Ohio, on March 30, 2006. Plaintiff's Complaint alleged causes of action based upon the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-12, and the Ohio Nonconforming New Motor Vehicle Law, Ohio Rev. Code §§ 1345.71-.78, more commonly known as Ohio's "Lemon Law." (R. at 3.) On May 8, 2006, Defendant removed the case to this Court pursuant to 28 U.S.C. § 1441 as both a case arising under the laws of the United States and a case between citizens of different states where the amount in controversy exceeds $75,000. (R. at 2.) The Court granted Plaintiff's unopposed motion to dismiss the claims based upon the Magnuson-Moss Warranty Act on November 29, 2006, leaving only Plaintiff's state law claim. (R. at 27.) This matter is before the Court on Defendant's Motion in Limine. (R. at 51.)

## I.    Background

On April 3, 2001, Plaintiff purchased a 2001 Mercedes S55 automobile ("the vehicle") from Crown Motor Company, Inc. ("Crown"), an authorized MBUSA dealer located in Dublin, Ohio.[1] (Compl. ¶¶ 2-3 & Ex. 1; Answer ¶ 2.)  Plaintiff paid $116.226.44 for the vehicle, including a document fee, registration fees, and sales tax but excluding financing charges.  (Compl. ¶ 4 & Ex. 1.)  In connection with the sale, Defendant issued a "four year/50,000 mile" written express warranty.  (Compl. ¶ 6; Answer ¶ 6.)

Plaintiff alleges that shortly after he took possession of the vehicle, he discovered various defects and nonconformities in the vehicles that substantially impaired its use, value, and safety.  (Compl. ¶¶ 7, 10.)  According to Plaintiff, these defects violate the written warranty issued by Defendant.  (Id. ¶ 8.)  Plaintiff delivered the vehicle to Crown on numerous occasions to address the defects and to attempt repairs.  (Id. ¶ 9-10.)  Plaintiff alleges that after a reasonable number of attempts at repair, Defendant and its authorized dealer Crown were unable to repair the vehicle such that it conforms with the express warranty.  (Id. ¶ 12.)

By way of letter dated November 15, 2006, Plaintiff informed Defendant that he was revoking his acceptance of the vehicle.  (Id. ¶ 15 & Ex. 2.)  Defendant has not accepted Plaintiff's revocation of acceptance.  (Compl. ¶ 17; Answer ¶ 17.)

## II.   Discussion

Following the Court's order of November 29, 2007, the only claim remaining for trial is Plaintiff's claim that Defendant has violated the Ohio Lemon Law (Count III of the Complaint).

---

[1] Plaintiff alleges that Defendant manufactured the vehicle he purchased.  (Compl. ¶¶ 2-3.)  Defendant denies that it is a manufacturer of automobiles, but admits that it distributed the vehicle.  (Answer ¶¶ 2-3.)

With this motion in limine, Defendant seeks to preclude Plaintiff from eliciting any testimony or introducing any other evidence relating to complaints about or repairs to the vehicle made more than one year after the vehicle's original delivery or after the vehicle's first 18,000 miles of operation.

### A.    Motions in Limine

Although neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize the Court to rule on an evidentiary motion in limine, the Supreme Court has noted that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." Luce v. United States, 469 U.S. 38, 41 n.4 (1984). The purpose of a motion in limine is to allow the Court to rule on issues pertaining to evidence in advance of trial in order to both avoid delay and ensure an evenhanded and expeditious trial.  See Ind. Ins. Co. v. Gen. Elec. Co., 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing Jonasson v. Lutheran Child & Family Servs., 115 F.3d 436, 440 (7th Cir. 1997)).  Pretrial orders also often save the parties time and cost in preparing for trial and presenting their cases.

Courts are generally reluctant to grant broad exclusions of evidence in limine, however, because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." Koch v. Koch Indus., Inc., 2 F. Supp. 2d 1385, 1388 (D. Kan 1998); accord Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975).  A court should not make a ruling in limine unless the moving party meets its burden of showing that the evidence in question is clearly inadmissible.  Ind. Ins. Co., 326 F. Supp. 2d at 846; Koch, 2 F. Supp. 2d at 1388.  If this high standard is not met, evidentiary rulings should be deferred so that the issues may be resolved in the context of the trial.  Ind. Ins. Co., 326 F. Supp. 2d at 846.  Ultimately, whether a motion in limine is granted or denied is a matter left to the sound discretion of the Court.  See Hesling v. CSX

Tranp., Inc., 396 F.3d 632, 643-44 (5th Cir. 2005) (citing United States v. Sharpe, 193 F.3d 852, 867 (5th Cir. 1999); Buford v. Howe, 10 F.3d 1184, 1188 (5th Cir. 1994)).

> **B.    Motion to Exclude Evidence of Complaints or Repairs Made More than One Year After Delivery of the Vehicle or After the Vehicle's First 18,000 Miles of Operation**

Defendant contends that all complaints about or repairs made to the vehicle more than one year after delivery are not relevant to Plaintiff's Lemon Law claim and, accordingly, are not admissible at trial.[2]  Plaintiff disagrees, arguing that because the Lemon Law places an obligation on a manufacturer which may extend more than one year after delivery, repairs made more than one year after delivery can be relevant to whether the manufacturer fulfilled its obligation.

Ohio's Lemon Law provides protection to consumers who purchase new motor vehicles that fail to conform to express warranties made by the vehicle's manufacturer.  Royster v. Toyota Motor Sales, U.S.A., Inc., 92 Ohio St. 3d 327, 328 (2001).  The law "is designed to protect consumers from chronically defective new automobiles." Id.  If a consumer discovers defects in a newly purchased vehicle, the Lemon Law imposes certain duties upon the manufacturer.  If the manufacturer does not repair the defects after a reasonable number of repair attempts, the consumer may seek a legal remedy.

Pursuant to the Lemon Law,

> If a new motor vehicle does not conform to any applicable express warranty and the consumer reports the nonconformity to the manufacturer, its agent, or its authorized dealer during the period of one year following the date of original delivery or during the first eighteen thousand miles of operation, whichever is earlier, the manufacturer,

_____

[2] Under the Federal Rules of Evidence, only relevant evidence is admissible at trial.  Fed. R. Evid. 402.  "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

> its agent, or its authorized dealer shall make any repairs as are necessary to conform
> the vehicle to such express warranty, notwithstanding the fact that the repairs are
> made after the expiration of the appropriate time period.

Ohio Rev. Code § 1345.72(A). The Lemon Law defines a "nonconformity" as "any defect or condition that substantially impairs the use, value, or safety of a motor vehicle to the consumer and does not conform to the express warranty of the manufacturer or distributor." Id. § 1345.71(E). Although § 1345.72(A) provides an opportunity to the manufacturer to cure a vehicle's nonconformities, the manufacturer must make repairs in a timely manner to avoid liability.

> If the manufacturer, its agent, or its authorized dealer is unable to conform the motor
> vehicle to any applicable express warranty by repairing or correcting any
> nonconformity after a reasonable number of repair attempts, the manufacturer, at the
> consumer's option and subject to division (D) of this section, either shall replace the
> motor vehicle with a new motor vehicle acceptable to the consumer or shall accept
> return of the vehicle from the consumer and refund each of the following:
>
>> (1) The full purchase price;
>>
>> (2) All incidental damages, including, but not limited to, any fees charged by
>> the lender or lessor for making or canceling the loan or lease, and any
>> expenses incurred by the consumer as a result of the nonconformity, such as
>> charges for towing, vehicle rental, meals, and lodging.

Id. § 1345.72(B).

Thus, to recover under Ohio's Lemon Law, a plaintiff must show three elements: (1) a consumer purchased a new motor vehicle with a nonconformity; (2) the consumer reported the nonconformity in a timely fashion; and (3) the nonconformity was not repaired or corrected after a reasonable number of repair attempts. Gray v. Chrysler Corp., No. 20204, 2001 WL 358389, at *2-*3 (Ohio App. 9th Dist. Apr. 11, 2001).

In the instant case, the parties agree that Plaintiff purchased the vehicle on April 3, 2001 and that the vehicle accrued 18,000 miles more than one year after the date of delivery. Accordingly,

5

the Lemon Law required Plaintiff to report any nonconformity with the vehicle between April 4, 2001 and April 3, 2002.  See Ohio Rev. Code § 1345.72(A).   Assuming Defendant is the manufacturer of the vehicle,[3] if Plaintiff reported any nonconformities during this period, Defendant, its agent, or its authorized dealer were obliged to make any repairs necessary to conform the vehicle to the applicable express warranty "*notwithstanding the fact that the repairs are made after the expiration of the appropriate time period*."  Id. (emphasis added).

Defendant's broad assertion that all complaints about or repairs made to the vehicle after April 3, 2002 are not relevant to Plaintiff's claim belies the plain language of the Lemon Law. Section 1345.72(A) clearly contemplates that if the consumer timely reports nonconformities to the manufacturer, its agent, or its authorized dealer, the manufacturer has a duty to make repairs to remedy those nonconformities even if those repairs are made "after the expiration of the appropriate time period."  Consequentially, evidence of repairs made after the expiration of the appropriate time period to correct nonconformities reported during the appropriate time period are relevant to whether the manufacturer fulfilled its obligation under the Lemon Law.  See id.; see also Neeld v. Am. Isuzu Motors, Inc., 2004 Ohio 6358, 2004 Ohio App. LEXIS 5838, at ¶¶11, 14 (Ohio App. 10th Dist. Nov. 30, 2004) (discussing evidence of repairs made after the first twelve months and 18,000 miles of operation that was presented at trial).  This evidence could also be probative as to whether a nonconformity still existed after "a reasonable number of repair attempts."  See § 1345.72(B).  For

---

[3] Under the Lemon Law, a manufacturer is "a person who manufactures, assembles, or imports motor vehicles, including motor homes, but does not mean a person who only assembles or installs a body, special equipment unit, finishing trim, or accessories on a motor vehicle chassis supplied by a manufacturer or distributor."  See Ohio Rev. Code § 1345.71(B).

these reasons, Defendant's request to exclude all evidence of repairs made to the vehicle after April 3, 2002 is without merit.

Furthermore, complaints made by Plaintiff after April 3, 2002 could be relevant to his Lemon Law claim, depending on what is meant by a "complaint." Nonconformities first reported to the manufacturer after the expiration of the appropriate time period are not relevant to a consumer's Lemon Law claim. See id. § 1345.72(A). On the other hand, a consumer's complaints, made after the appropriate time period has expired, of a timely reported nonconformity continuing to exist would be relevant to whether the manufacturer was unable to conform the motor vehicle to the applicable express warranty after a reasonable number of attempts. See id. § 1345.72(B). Because this latter category of complaints is relevant to a claim under the Lemon Law, Defendant's request for the Court to exclude all evidence of all complaints made after April 3, 2002 is likewise without merit.

## III.    Conclusion

For the foregoing reasons, Defendant has failed to demonstrate that all evidence relating to complaints about or repairs to the vehicle made more than one year following delivery of the vehicle or during the first 18,000 miles of operation, whichever is earlier, is clearly inadmissible. The Court defers ruling on the admissibility of evidence of repairs made to the vehicle until its relevancy can be determined in the context of the trial. Accordingly, Defendant's Motion in Limine (R. at 51) is **DENIED**.[4]

---

[4] The Court notes that Defendant seems to present a somewhat different argument in its Reply Memorandum than in its Memorandum in Support of its motion in limine. In its Reply Memorandum, Defendant submits that "[t]he Lemon Law focuses on only those alleged non-conformities of which the Plaintiff has notified the manufacturer during the first year [after] delivery, and the repair attempts made to address those non-conformities." Although this

**IT IS SO ORDERED.**

August 31, 2007_____                    **/s/ John D. Holschuh_____**
Date                                      John D. Holschuh, Judge
                                          United States District Court

_____

statement is consistent with the Lemon Law, Defendant shortly thereafter again requests the
exclusion of all evidence relating to all complaints about or repairs to the vehicle made after
April 3, 2002.